UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOUBLE J REALTY, LLC,<br><br>        Plaintiff,<br>v.<br><br>PEERLESS INDEMNITY INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendants. | 3:16 - CV - 30 (CSH)<br><br>MARCH 18, 2016 |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

### I. BACKGROUND

Plaintiff Double J Realty, LLC ("Double J") brings this action to recover damages under a property insurance policy issued by defendants Peerless Insurance Company ("Peerless") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively "Defendants"). That policy, bearing the number 3674399, covered the period of June 1, 2013 to June 1, 2014, and allegedly provided property loss coverage for a building owned by Double J which suffered a ceiling collapse on December 11, 2013.[1] Double J submitted a claim to Defendants to recover damages for the building, but that claim was allegedly rejected by Defendants by letter, dated December 19, 2013, stating that "[t]he collapse was not the result of a specified cause of loss."  Doc. 1, at 9 (¶ 9).

Double J originally commenced this action against Peerless and Liberty Mutual in

---

[1] The building at issue is located at 123-125 Norwich Road, Central Village, CT. Doc. 1, at 8 (¶ 2).

Connecticut Superior Court, Judicial District of New London, on or about December 3, 2015. In that state court action, Plaintiff brought two claims against Defendants: (1) breach of contract and (2) violation of Connecticut's Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-315, *et seq*. In the "Statement of Amount in Demand," Plaintiff asserted that "[t]he amount, legal interest or property in demand is Fifteen Thousand ($15,000.00) Dollars or more, exclusive of interest and costs." Doc. 1, at 13.

Defendants thereafter removed this action from Connecticut Superior Court to the United States District Court by filing a "Notice of Removal" [Doc. 1] on January 7, 2016. In that Notice, Defendants asserted that removal of the action was pursuant to 28 U.S.C.§§ 1441 and 1446, claiming that "[t]he district court for the United States has original jurisdiction over this matter pursuant to diversity [of citizenship]," citing 28 U.S.C. § 1332(a) (1).    As set forth below, upon careful review of the Complaint, the Court has determined that Defendants have failed to plead or present a jurisdictional basis for this case to proceed in federal court. Accordingly, additional submissions will be required to establish federal subject matter jurisdiction.

## II. DISCUSSION

A.  **Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction under Article III, Section 2 of the United States Constitution. *See, e.g., Chicot Cnty. Drainage Dist. Baxter State Bank*, 308 U.S. 371, 376 (1940), *reh'g denied*, 309 U.S. 695 (1940). The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swan*, 111 U.S. 379, 382

(1882).  *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, if subject matter jurisdiction is lacking, the action must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See also, Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.").

However, if an action has been removed, as in this case, and "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C.A. § 1447(c).  *See, e.g., Speranza v. Leonard*, 925 F.Supp.2d 266, 269 (D.Conn. 2013) ("once the Court determines that it does not have subject matter jurisdiction, a remand is mandatory under 28 U.S.C.A. § 1447(c)") (citation and internal quotation marks omitted); *Malanca v. Worth*, No. 3:11 cv0056(SRU)(WIG), 2011 WL 941381, at *2 (D.Conn. Feb. 8, 2011) ("Lack of removal jurisdiction may be raised by the Court sua sponte" and upon determination that court lacks subject matter jurisdiction, "a remand is mandatory"); *Vasura v. Acands*, 84 F.Supp.2d 531, 540 (S.D.N.Y.2000) (remanding case to state court, concluding "because diversity jurisdiction was lacking at the time of removal, this case was improvidently removed").

 In general, a federal district court may exercise subject matter jurisdiction over an action

only if there is either: (1) "federal question" jurisdiction, applicable to "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) there exists "diversity of citizenship," complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a).[2] *See also Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir.2000) (delineating two categories of subject matter jurisdiction).

With respect to timing of citizenship, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced," *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). In addition , where removal is based on diversity of citizenship, the parties must be diverse at the time of removal as well as at the time the state court complaint was filed. *See United Food & Commercial Workers Union*, Local 919, *AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (The "usual rule is that removability is determined from the record as of the time the petition for removal is filed but where [the] basis of removal is diversity then diversity of citizenship must exist at [the] time [the] action was filed in state court as well as at [the] time of removal") (citing 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 311–12 (1990)). *See also Albstein v. Six Flags Entm't Corp.*, No. 10 Civ. 5840 (RJH), 2010 WL 4371433, at *2 (S.D.N.Y. Nov. 4, 2010) ("Where removal is predicated on diversity, the parties must be diverse both at the

---

[2] *See also St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

time of removal and at the time the state court complaint was filed.") (citation omitted).

In the case at bar, there appears to be no basis for the Court to exercise "federal question" jurisdiction – *i.e.*, no claim arising under the Constitution or federal law.[3] The sole jurisdictional basis upon which Defendants removed this action is "diversity of citizenship." However, as set forth below, the parties – Plaintiff in its complaint and Defendants in their removal notice – have plead insufficient facts to demonstrate "diversity of citizenship" subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a).

B.     **Citizenship of Plaintiff Double J – A Limited Liability Company**

Examining the Complaint in suit, Plaintiff alleges that it, "Double J Realty, LLC is a limited liability company registered with the State of Connecticut and authorized to do business in Connecticut." Doc. 1, at 8. Similarly, in their "Notice of Removal," Defendants simply state that Double J is "a business entity authorized to transact business within the State of Connecticut." Doc. 1, at 1-2 (¶ 1). Neither Plaintiff's nor Defendants' factual allegations are sufficient to establish the citizenship of Double J. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied,* 549 U.S. 1047 (2006). Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000) and remanding

---

[3] Given the exclusively state law claims asserted by Plaintiff, there is no basis upon which this Court may assert "federal question" subject matter jurisdiction under 28 U.S.C. § 1331.

removed action for lack of diversity jurisdiction).[4]  To determine whether there is diversity of citizenship, the Court must be informed of the identities and citizenship of each of Double J's members.[5]  Unless the citizenship of each member is known, there can be no certainty that complete diversity exists in this action.

C.     **Citizenship of Defendants Peerless and Liberty Mutual – Corporations**

As to Defendant Peerless, Plaintiff alleged in its Complaint that "Peerless Indemnity Insurance Company . . . was at all times relevant hereto an insurance company incorporated under the laws of the State of Illinois, which was authorized to do business in the State of Connecticut." Doc. 1, at 8 (¶ 3).  Peerless itself asserted in the "Notice of Removal" that "Peerless Indemnity Insurance Company, was at the time of the commencement of this action, and is at the time of this

---

[4]  *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000), as the appropriate "test for determining the citizenship of a limited-liability company").

[5]  The parties are reminded that if any of the members of Double J are individuals, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir.1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir.1996)). This is because an individual's citizenship for diversity purposes is determined by his or her domicile, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir.2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir.1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").  Moreover, "[i]n general, the domicile of an individual is his true, fixed and permanent home and place of habitation" — *i.e*, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983).

removal, a citizen of Illinois, its place of incorporation." Doc. 1, at 2 (¶ 3) (citing 28 U.S.C. § 1332(c)(1)).  However, under 28 U.S.C. § 1332(c)(1), the citizenship of a corporation includes "*every* State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).  To establish its citizenship, Peerless must thus indicate whether it was incorporated in states other than Illinois and provide its "principal place of business" at the time of commencement of the action and the time of removal.

With respect to Defendant Liberty Mutual, Plaintiff alleges that Liberty Mutual Insurance Company "was at all times relevant hereto an insurance company incorporated under the laws of the State of Massachusetts, which was authorized to do business in the State of Connecticut." Doc. 1, at 8 (¶ 4). In the Notice of Removal, Defendants state that Liberty Mutual "was at the time of commencement of this action, and is at the time of this removal, a citizen of Massachusetts, its place of incorporation." *Id.*, at 2 (¶ 3).  As with the citizenship of Peerless, Liberty Mutual, as a corporation, must establish all states of incorporation and provide its "principal place of business" at the commencement of the action and the time of removal.  The allegations as to Liberty Mutual's citizenship are thus presently insufficient to establish its citizenship for diversity purposes.

D.     **Jurisdictional Amount**

Finally, even if the parties are ultimately able to demonstrate that their citizenship is diverse, the amount in controversy must still exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).  To invoke the jurisdiction of a federal court, one "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."

*Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994).

In this removed action, Plaintiff's "Statement of Amount in Demand" attached to its state court complaint prays for an "amount, legal interest or property . . . [of] Fifteen Thousand ($15,000.00) Dollars or more, exclusive of interest and costs." Doc. 1, at 13. In their Notice of Removal, Defendants concede that "[t]he pleadings served on the defendants in the state court action do not allege a specific amount of damages." *Id.*, at 2 (¶ 4). Defendants thus simply acknowledge Plaintiff's Statement of Demand seeks "monetary damages in excess of $15,000." *Id.*, at 2 (¶ 5). No party in this action has represented that the amount in demand meets the requisite jurisdictional amount in controversy in a diversity action, which must *exceed the sum of $75,000*, exclusive of interest and costs.

Plaintiff's request for in excess of $15,000 does not fulfill the jurisdictional requirement. Moreover, Defendants have failed to demonstrate that the actual amount in controversy *exceeds $75,000*, which is considerably greater than $15,000, exclusive of interest and costs. In particular, there is a range of $60,000 between the $15,000 sought in state court and the jurisdictional limit in federal court, which exceeds $75,000. Although the damages Plaintiff seeks might well exceed $15,000, they may fall short of the more than $75,000 limit for diversity jurisdiction. Accordingly, the amount of damages Plaintiff seeks in this action must be clarified and/or identified.

If Plaintiff represents that it seeks damages that do not exceed $75,000, exclusive of interest and costs, the action must be remanded to state court unless: (1) Defendants challenge Plaintiff's asserted amount; and (2) Defendants, "as the part[ies] asserting jurisdiction," are able to support an assertion of jurisdictional amount "with 'competent proof' and 'justify [their] allegations by a preponderance of evidence.'" *United Food & Commercial Workers Union*, 30 F.3d at 301 (quoting

*McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

### III.  CONCLUSION

In order to determine whether it has subject matter jurisdiction in this action, the Court hereby ORDERS each party to establish, by affidavit, citizenship for diversity purposes as of the date this action was commenced in state court, on or about December 3, 2015, and the date it was removed to federal court, January 7, 2015.

Specifically, limited liability company Double J Realty, LLC is ORDERED to submit an affidavit explicitly setting forth the identities and state(s) of citizenship of each of its members as of the relevant dates of commencement and removal.  If said members are individuals, Double J must provide their states of domicile.[6]  If any members are corporations, Double J must indicate all states of incorporation and the principal place of business for each corporation.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). If the members include any limited liability company, Double J must establish the citizenship of each member of that limited liability company.

Furthermore, with respect to the amount in controversy, Double J must provide an estimate of its alleged damages in this action, indicating the general bases for calculation. Double J must then explicitly declare whether it alleges that its damages exceed the sum or value of $75,000, the

---

[6] Specifically, with respect to individual members, Plaintiff must declare for each individual: (1) the state in which he or she was domiciled and principally established or his/her true fixed home and (2) the names, if any, of other states in which he or she had a residence. If there are additional states in which a residence was maintained, the affidavit must further provide: (a) the locations of all such residences kept and (b) the approximate length of time spent at each residence.

jurisdictional amount pursuant to 28 U.S.C. § 1332(a)(1).

Corporate defendants Peerless and Liberty Mutual are each directed to provide and/or confirm the state(s) in which it has been incorporated and the address of its principal place of business. In addition Defendants may, by affidavit, provide any relevant facts to prove that there is a "reasonable probability" that Plaintiff's claim exceeds the statutory jurisdictional amount of $75,000. For example, if Double J asserts that its claim does not give rise to in excess of $75,000 in damages, Defendants must be prepared to provide competent proof to justify their allegations of jurisdictional amount by a preponderance of evidence.

All parties shall file and serve their affidavits regarding citizenship on or before **March 31, 2016.** All case deadlines are stayed pending the Court's review of the affidavits. If, upon review, the Court determines that it possesses subject matter jurisdiction, the action will proceed. Otherwise, in the absence of such jurisdiction, the Court will remand the case to state court as improvidently removed, pursuant to 28 U.S.C. § 1447(c).

It is SO ORDERED.

Dated: New Haven, Connecticut
March 18, 2016

                                                  */s/Charles S. Haight, Jr.*
                                                  CHARLES S. HAIGHT, JR.
                                                  Senior United States District Judge