## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

DOUBLE J REALTY, LLC,

     Plaintiff,

  v.              3:16 - CV - 30 (CSH)

PEERLESS INDEMNITY INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE COMPANY,       APRIL 16, 2016

     Defendants.

## <u>ORDER OF REMAND</u>

**<u>HAIGHT, Senior District Judge:</u>**

Plaintiff Double J Realty, LLC ("Double J") seeks damages under a property insurance policy issued by defendants Peerless Insurance Company ("Peerless") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively "Defendants").[1] Plaintiff alleges that the policy includes coverage for Plaintiff's building located at 123-125 Norwich Road, Central Village, Connecticut. Doc. 1, ¶¶ 2, 7. On December 11, 2013, that building suffered a ceiling collapse, causing a series of damages to the Plaintiff and/or its tenants. *Id.,* ¶¶ 7-8.

On December 3, 2015, Plaintiff commenced an action against Defendants for breach of contract and violation of Connecticut's Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. § 38a-815, *et seq.*, in Connecticut Superior Court, Judicial District of New London. *See Double J. Realty, LLC v. Peerless Indem. Ins. Co.*, No. KNL-CV-15-6025680-S. On January 7, 2016,

---

[1] The relevant policy is identified by Plaintiff as policy number 3674399 for the period of June 1, 2013 to June 1, 2014. Doc. 1, ¶ 5.

1

Defendants removed Plaintiff's state court action to this federal court based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).[2] *See* Doc. 1 ("Notice of Removal"), at 1-4 (removing *Double J. Realty, LLC v. Peerless Indem. Ins. Co.*, No. KNL-CV-15-6025680-S).

On March 18, 2016, the Court issued an Order, explaining that the factual allegations in the Complaint and Notice of Removal were insufficient for the Court to determine whether it possesses subject matter jurisdiction over this matter. The Court therefore directed the parties to file and serve affidavits to establish their citizenship for federal diversity jurisdiction purposes and the amount in controversy. *See* Doc. 10 ("Order" entered 3/18/2016). As to the jurisdictional amount, the Court instructed the parties to provide any relevant facts to establish that the Plaintiff's claim exceeds the sum or value of $75,000, exclusive of interest and costs.

The deadline for filing the parties' affidavits was March 31, 2016. Defendants complied [Doc. 11], establishing their citizenship as corporate entities pursuant to 28 U.S.C. § 1332(c). For purposes of diversity jurisdiction, Peerless Insurance Company is a citizen of Illinois (its state of incorporation) and Massachusetts (its principal place of business); and Liberty Mutual Insurance Company is a citizen of Massachusetts (its state of incorporation and principal place of business).[3] Defendants were not, however, able to provide facts to establish the amount of Plaintiff's claim and thus merely stated that there is "a reasonable probability that plaintiff's claim exceeds the statutory jurisdictional amount of $75,000." Doc. 11, at ¶ 12. Defendants further stated that "the plaintiff has

---

[2] "Diversity of citizenship" was the only potentially viable grounds for subject matter jurisdiction in that Double J's Complaint contains no actions arising under federal statute or the United States Constitution – *i.e.,* no "federal question" pursuant to 28 U.S.C. § 1331.

[3] A corporation's principal place of business is recognized as its "nerve center," the "place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

not submitted any estimates regarding the claimed damage, nor has the plaintiff claimed that the damage has been repaired."[4]  *Id.*

With respect to Plaintiff Double J Realty, LLC, that entity failed to file the mandatory affidavit.  In fact, to date, Plaintiff has filed no pleadings in this action and has  provided the Court with no reason for its failure to comply.  Plaintiff's failure to comply with the Court's Order is a potential basis for dismissal of this action. *See, e.g.,* Fed. R. Civ. P. 16(f)(1)(C), & 37(b)(2). However, in the absence of verification that the Court  possesses subject matter jurisdiction, the Court may not proceed with the merits of this matter. *See* Fed. R. Civ. P. 12(h). Absent subject matter jurisdiction, any substantive ruling by the Court would be a nullity.

Furthermore, it is well-settled that the removing party bears the burden of proving to the Court that it possesses subject matter jurisdiction. *See, e.g.*, *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979) ("When a party removes a state court action to the federal court on the basis of diversity of citizenship, . . . the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'").[5]  In this case, Defendants "ought to shoulder the burden because [they] removed the action to federal court from state court." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

In the case at bar, the Plaintiff  limited  liability company's citizenship may only be

---

[4]  The Court notes that Defendants' allegation in their Affidavit [Doc. 11] that Plaintiff has made no claim that the damage has been repaired conflicts with Plaintiff's allegations in the Complaint that Defendants' "engineer completed his investigation [of the damage from the collapsed ceiling] on March 5, 2014, but the so-called 'investigation' did not include an inspection of the damage *since it had already been repaired* by the Plaintiff, whose tenant needed to use the space for its restaurant." Doc. 1, at 9 (¶ 11) (emphasis added).

[5]  *Abrogated on other grounds, Hertz Corp. v. Friend*, 559 U.S. 77, 90 (2010).

established by  identifying the citizenship of each of its members. The Court cannot therefore determine whether Plaintiff's citizenship is diverse from that of the Defendants.

However, even if Plaintiff's citizenship were established as diverse from the citizenship of both Defendants, there has been no proof that the requisite jurisdictional amount in controversy exists. Defendants concede that "[t]he pleadings served on the defendants in the state court action do not allege a specific amount of damages."  Doc. 1 (Notice of Removal), at 2 (¶ 4).  In addition, as Defendants concede, Plaintiff's "Statement of Amount in Demand" attached to its state court Complaint prays for an "amount, legal interest or property . . . [of] Fifteen Thousand ($15,000.00) Dollars or more, exclusive of interest and costs." *See id.,* at 2  (¶ 5); Doc. 1, Ex. A (Complaint), at 13.  It would be a large, and unsubstantiated, leap for the Court to conclude that just because Plaintiff's damages allegedly exceed $15,000, they also exceed $75,000, exclusive of interest and costs.

In their Affidavit on citizenship, Defendants merely state that there is a "reasonable probability" that the claim exceeds $75,000. Doc. 11, at 2 (¶ 12).  Yet, Defendants have provided no evidentiary support for this allegation.  An unsubstantiated allegation is insufficient for this Court to find that it definitively possesses subject matter jurisdiction. *See, e.g., Blockbuster, Inc.,* 472 F.3d at 56-57  ("We generally evaluate jurisdictional facts, such  as the amount in controversy, *on the basis of the pleadings*, viewed at the time when defendant files the notice of removal.") (emphasis added) (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n. 2 (2d Cir.2003) (*per curiam*)).  Nothing in the pleadings affirmatively alleges that the damages in this action exceed $75,000, exclusive of interest and costs.  Rather, the pleadings show that the damages sought exceed $15,000.

Put simply, there is no competent proof that the necessary element of the jurisdictional

4

amount is present – *i.e.*, the amount in controversy cannot be determined from the pleadings. Absent proof of the jurisdictional amount, Defendants' removal of the case was improvidently made.

## **CONCLUSION**

In sum, absent proof of Plaintiff's state(s) of citizenship and due to Defendants' inability and/or failure to provide competent proof of the requisite jurisdictional amount  – exceeding "the sum or value of $75,000, exclusive or interest and costs," 28 U.S.C. § 1332(a)(1) –  the Court cannot determine with certainty that it has "diversity of citizenship" subject matter jurisdiction.   The case is  REMANDED to Connecticut Superior Court, Judicial District of New London.  The Clerk is directed to transfer the file to that court and close the case before this Court.

It is SO ORDERED.

Dated: New Haven, Connecticut
        April 16, 2016

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge